UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GIRON,<br><br>                    Plaintiff,<br><br>     v.<br><br>CDCR, *et al.*,<br><br>                    Defendant. | 1:26-cv-02014-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 17)<br><br>THIRTY (30) DAY DEADLINE<br><br>ORDER FOR CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE |

Plaintiff Miguel Giron is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42. U.S.C § 1983. (ECF Nos. 1, 13). Plaintiff filed the complaint commencing this action on January 8, 2026, (ECF No. 1), and the Court issued a screening order on April 8, 2026.  (ECF No. 16).

Now before the Court for screening is Plaintiff's first amended complaint filed on April 24, 2026. (ECF No. 17). Plaintiff's first amended complaint generally alleges that he informed Defendants of known safety concerns at High Desert State Prison (HDSP) if transferred.  When Plaintiff refused to transfer to HDSP due to those safety concerns, defendants used force in his cell extraction in order to transfer him to HDSP.

\\\

1

Upon review, the Court will recommend that Plaintiff's first amended complaint be dismissed for failure to state a claim without leave to further amend.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  Because Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii), which directs the Court to dismiss a case at any time if the Court determines that it is frivolous or malicious, fails to state a claim, or seeks relief against an immune defendant.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\

\\\

## II.   BACKGROUND

### a.   Plaintiff's Initial Complaint and Screening Order

On January 8, 2026, Plaintiff filed his complaint commencing this action. (ECF No. 1). Plaintiff stated the incident occurred at Kern Valley State Prison. Defendant listed four defendants: CDCR; Warden of Kern Valley State Prison; Captain Farley; and Captain Espinoza.

On April 8, 2026, the Court screened Plaintiff's complaint and found that Plaintiff stated a claim for failure to protect in violation of the Eighth Amendment against Captain Espinoza. (ECF No. 16).

The Court found Plaintiff failed to state any other cognizable claims. The Court provided options for Plaintiff to proceed, allowing him to file an amended complaint, if he believed that additional facts would state additional claims or Plaintiff could file a statement with the Court stating he wanted to go forward only on his Eighth Amendment failure to protect claim against Captain Espinoza. (*Id.* at 9-10). The Court provided Plaintiff with the applicable legal standards. (*See* ECF No. 16).

### b.   Plaintiff's First Amended Complaint

Plaintiff filed a first amended complaint on April 24, 2026. (ECF No. 17). In his amended complaint, Plaintiff names thirteen defendants employed at Kern Valley State Prison ("KSVP"): Lt. A. Oveda; Sgt. G. Piano; Senior Psychologist S. Frost-Morgan; Captain M. Espinoza; Chief Deputy V. Custern; Registered Nurse A. Rangel; Officer A. Cabellero; Officer A. Gahagan; Officer J. Patino; Officer M. Estrada; Officer A. Perez-Bautista; Officer J. Andrade; and Captain Farley. (*Id.* at 2-3).

Plaintiff's complaint alleges that he notified defendants of "known safety concerns at HDSP if transferred on 9/25/2025." (*Id.* at 4). Plaintiff claims in response to "Plaintiff's refuse to transfer, peaceful protect…" defendants A. Cabellero, A. Gahagan, J. Patino, M. Estrada, A. Perez-Bautista, and J. Andrade assaulted Plaintiff with O.C. pepper spray, shields, and three baton strikes. Plaintiff states that defendants also assaulted him during the escort. (*Id.*) Plaintiff claims that after being transferred to HDSP, he suffered an assault "with a serious injury." (*Id.*).

In his amended complaint, Plaintiff refers to an incident log attached as Exhibit A, which he claims failed to fully report the entire incident. (*Id.* at 5). The referenced log was not attached to the complaint.

Plaintiff claims that Defendant S. Frost-Morgan stated Plaintiff "wanted things document…" yet none of the "responding staff documented those things." (*Id.*). Plaintiff states these "things" were the known safety concerns at HDSP. (*Id.*).

## III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.  Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection

may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B.  Excessive Force and Failure to Protect

Plaintiff's first claim alleges that Defendants used force to extract him from his cell to transfer him to HDSP, and then later during an escort.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

"Five factors bear on the excessive force analysis in a typical Eighth Amendment claim: '(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.'" *Bearchild v. Cobban,* 947 F.3d 1130, 1141 (9th Cir. 2020) (quoting *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 837. "'Deliberate indifference' has both subjective and objective

components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad,* 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 847). "[I]n order to satisfy the objective prong, it is enough for the inmate to demonstrate that he was exposed to a substantial risk of some range of serious harms; the harm he actually suffered need not have been the most likely result among this range of outcomes." *Lemire v. California Dep't of Corr. & Rehab.,* 726 F.3d 1062, 1076 (9th Cir. 2013).

With these standards in mind, the Court recommends finding that Plaintiff's first amended complaint fails to state a cognizable claim for excessive force or failure to protect.

Plaintiff's first amended complaint alleges that "defendants #1 thru #6 assaulted the Plaintiff in his cell with O.C. Pepper Spray, shield use and 3 baton strikes . . . and afterwards again assaulted the Plaintiff during the escort." (ECF No. 17 at 4).  The first amended complaint does not contain any further facts about the incident such as what happened before the incident including whether defendants indicated any reason for the incident, whether Plaintiff was resisting or not resisting any orders, what any specific defendant did, whether Plaintiff suffered any injuries.

Plaintiff's allegation that defendants assaulted him does not itself set forth a constitutional violation.  That allegation does not show that the force used was malicious and sadistic, rather than in a good-faith effort to maintain or restore discipline.  Moreover, Plaintiff's first amended complaint alleges that Plaintiff refused orders to transfer to another prison, and that the officers used force in order to enforce the prison's transfer order.  In claim 2, Plaintiff's first amended complaint also refers to "the plaintiffs reason behind the refuse to transfer peaceful protest," (ECF No. 17 at 5), which further indicates that defendants' use of force was in response to Plaintiff's protest of a transfer order, and not for the purpose of

maliciously and sadistically causing harm.

Moreover, Plaintiff does not describe what any specific defendant did to use force.

Similarly, although Plaintiff's allegation that he "suffered a further assault with a serious injury," fails to state a claim against any defendant.  Plaintiff does not describe any facts about this assault, and thus there are no factual allegations that show that it resulted from the deliberate indifference to safety needs by any specific defendant.  Nor is Plaintiff's allegation that "informed defendants of known safety concerns at HDSP" sufficient to allege a claim for failure to protect against any defendant.  Plaintiff does not explain what he told, whom he told, or how they responded.  Nor does he allege any facts about the assault at HDSP that would connect that assault to the information Plaintiff provided to defendants.  Thus, this allegation alone, even if true, does not show that any specific defendant knew of and disregarded an excessive risk to inmate safety.

For these reasons, the Court finds that Plaintiff has failed to state claim for excessive force or failure to protect in violation of the Eighth Amendment.

### C.  First Amendment and/or Due Process

Plaintiff's first amended complaint also asserts a claim for "1st Amendment violation under 42 U.S.C. 1995, 1986, 1985(3), 8th and 14th amendment violations.

In support, Plaintiff alleges that "the defendants in totality as to incident log #122480 . . . failed to fully report the entire incident."  (ECF No. 17 at 5).  Plaintiff further alleges "show how convenient that the plaintiffs reason behind the refuse to transfer peaceful protest. . . somehow didn't get documented in the incident report."  (*Id.*).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).  To prevail on a retaliation claim, a plaintiff may "assert an injury no more tangible than a chilling effect on First Amendment rights." *Brodheim v. Cry*,

584 F.3d 1262, 1269-70 (9th Cir. 2009).  Furthermore, "a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Id.* at 1271 (citing *Rhodes*, 408 F.3d at 568–69) (emphasis in original).

The Due Process Clause of the Fourteenth Amendment provides, "No State shall... deprive any person of life, liberty, or property, without due process of law." *U.S. Constitution, amend. XIV § 1*. This clause guarantees both procedural and substantive due process. A Section 1983 claim based upon procedural due process has three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (citation omitted). Thus, to state a cognizable claim for deprivation of due process, Plaintiff must first identify the existence of a protected liberty interest. *Id.*; *see also Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Plaintiff's allegations fail to state a constitutional claim under these standards.  Plaintiff does not allege that any defendant took adverse action against him due to constitutionally protected conduct.  Nor does he allege that he was deprived of a protected liberty interest without due process.

Accordingly, Plaintiff's complaint fails to state a claim for a violation of the First Amendment free speech or Fourteenth Amendment due process rights.

## IV.    CONCLUSION AND ORDER

For these reasons, the Court recommends that this action be dismissed with prejudice for failure to state a claim.  The Court screened Plaintiff's original complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his complaint. Thus, it appears that further leave to amend would be futile.

Accordingly, the Clerk of Court is ordered to assign a district judge to this action.

Additionally, IT IS RECOMMENDED that:

1. This case be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

2.   The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 4, 2026**                           /s/ *Erica  P.  Grosjean*

UNITED STATES MAGISTRATE JUDGE