**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MIGUEL GIRON,

Plaintiff,

v.

CDCR, et al.,

Defendants.

Case No. 1:26-cv-02014 JLT EPG

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND, AND DIRECTING PLAINTIFF TO FILE ANY SECOND AMENDED COMPLAINT WITHIN 30 DAYS

Doc.

Miguel Giron asserts that he suffered violations of his civil rights under the First, Eighth, and Fourteenth Amendments while incarcerated at Kern Valley State Prison. (*See generally* Doc. 17.) The magistrate judge screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and found he failed to state a cognizable claim against any of the 13 defendants named. (Doc. 19 at 3-8.)

The magistrate judge observed that "Plaintiff does not describe what any specific defendant did to use force." (Doc. 19 at 6.) The magistrate judge explained, the "allegation that defendants assaulted [Plaintiff] does not itself set forth a constitutional violation," and because there were not "any facts about [the] assault," Plaintiff failed to state a claim for excessive force. (*Id.* at 6, 7.) The magistrate judge also found Plaintiff's allegation that he "informed defendants of known safety concerns" was insufficient to allege a claim for failure to protect, because "Plaintiff does not explain what he told, whom he told, or how they responded." (*Id.* at 7.)

Therefore, the magistrate judge found Plaintiff "failed to state a claim for excessive force or failure to protect in violation of the Eighth Amendment." (*Id.* at 7.)

The magistrate judge noted that Plaintiff also raised claims in the FAC related to retaliation and due process violations related to an incident report that Plaintiff asserts did not fully document the events related to his cell extraction and "peaceful protest." (Doc. 19 at 7, citing Doc. 17 at 5.) The magistrate judge found: "Plaintiff does not allege that any defendant took adverse action against him due to constitutionally protected conduct. Nor does he allege that he was deprived of a protected liberty interest without due process." (*Id.* at 8.) As a result, the magistrate judge found Plaintiff "fails to state a claim for a violation of the First Amendment free speech or Fourteenth Amendment due process rights." (*Id.*)

The magistrate judge observed that the Court screened Plaintiff's initial complaint, "provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his complaint." (Doc. 19 at 8.) The magistrate judge indicated that "further leave to amend would be futile" and recommended the Court dismiss the action "with prejudice for failure to state a claim." (*Id.*)

Plaintiff filed timely objections to the Findings and Recommendations, in which he alleges additional facts regarding the information he conveyed to correctional officers and the underlying cell extraction incident to execute a prison transfer. (*See generally* Doc. 20 at 1-3.) He also includes information regarding a separate incident at High Desert State Prison, which Plaintiff contends shows his fears regarding the facility transfer were valid. (*Id.* at 3-4.) Plaintiff also refers to his initial complaint and argues that the Court should permit him to proceed with the action because "the April 8, 2026 Court screening order did find a cognizable claim against Captain Espinoza." (*Id.* at 5, cleaned up.)

The pleading deficiencies identified by the magistrate judge relate to the lack of factual allegations in the FAC. Although Plaintiff did not discuss the actions of the individual defendants in the narrative portion of the FAC, the "defendants list" includes allegations regarding the force that Plaintiff believed was used against him. (*See* Doc. 17 at 3.) For example, Plaintiff asserts that Gahagan gave him "3 baton strikes and lied on report stating 1 strike;" Patino gave "3 face

strikes with fist;" and escort officers Perez-Bautista and Andrade "slammed Plaintiff to ground." (*Id.*) These allegations were not addressed by the magistrate judge, who indicated that Plaintiff did not allege any information regarding "what any specific defendant did to use force." (*See* Doc. 19 at 7; *see also id.* at 6.) To this end, it appears Plaintiff may allege additional facts to support his claim under the Eighth Amendment related to the cell extraction.[1] Moreover, the magistrate judge previously found that the allegations in the initial complaint—which included additional information—were sufficient to state a cognizable claim for failure to protect against Espinoza. (Doc. 16 at 6-7.) The Court is unable to find that further leave to amend would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1126-30 (9th Cir. 2000).

The Court will grant Plaintiff leave to file a second amended complaint to plead additional factual allegations, including those raised in the initial complaint. As a general rule, an amended complaint supersedes the original complaint. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an amended complaint supersedes the original, the latter being treated thereafter as non-existent") (internal citation omitted)). Plaintiff is informed the Court will not refer to his prior pleadings—including the initial complaint and the objections— to evaluate his claims in the second amended complaint. <u>The second amended complaint must be complete in itself, without reference to any prior pleading</u>. *See* Local Rule 220; *see also Ramirez*, 806 F.3d at 1108.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on June 4, 2026 (Doc. 19) are **ADOPTED in part**.
2. Plaintiff's first amended complaint is **DISMISSED** with leave to amend.
3. Plaintiff **SHALL** file any second amended complaint <u>within 30 days</u> of the date of service of this order.

///

[1] The Court declines, at this time, to consider whether the new allegations in the objections are sufficient to state a cognizable claim. *See United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) (holding that a district court may decline to consider new allegations presented for the first time in objections).

**Plaintiff is informed that failure to file a second amended complaint will result in dismissal of this action for failure to prosecute and failure to obey the Court's order.**

IT IS SO ORDERED.

Dated: September 8, 2026

UNITED STATES DISTRICT JUDGE